**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DISTRICT**

**FILED**

DEC 2 8 2005

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| **HEATHER HALBACH, as personal** ) <br> **representative of the ESTATE OF** ) <br> **JOHN LEWIS, and on behalf of a** ) <br> **class of long-term disability recipients** ) <br> **denied benefits under Defendants'** ) <br> **health insurance plans,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **vs.** ) <br> ) <br> **GREAT-WEST LIFE & ANNUITY** ) <br> **INSURANCE COMPANY, JOHN** ) <br> **MULSKI, GEORGE JELFIMOW,** ) <br> **GREAT-WEST LIFE & ANNUITY** ) <br> **INSURANCE COMPANY EMPLOYEE** ) <br> **WELFARE BENEFIT PLAN, HEALTH** ) <br> **AND WELFARE PLAN FOR EMPLOY-** ) <br> **EES OF GREAT-WEST LIFE &** ) <br> **ANNUITY COMPANY, GREAT-WEST** ) <br> **LIFE & ANNUITY INSURANCE** ) <br> **COMPANY FLEXIBLE BENEFITS** ) <br> **PLAN, and GREAT-WEST LIFE** ) <br> **STAFF & AGENTS' PLAN,** ) <br> ) <br> **Defendants.** ) | Case No. _____ <br> <br> **JURY TRIAL DEMANDED ON** <br> **ERISA SECTION 502(a)(1) LEGAL** <br> **REMEDIES REQUESTED** <br> <br> <br> <br> <br> **05CV0 2399 ERW** |

**COMPLAINT AND REQUEST FOR**
**INJUNCTIVE RELIEF AND CLASS CERTIFICATION**

Comes now Plaintiff Heather Halbach, by attorneys, and, as personal representative of

the Estate of John Lewis and on behalf of a class of long-term disability recipients denied

benefits under Defendants' health insurance plans, states the following for her preliminary

allegations against Defendants:

1.     This Court maintains jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

Sec. 1331.

1

2. Further, this Court maintains separate jurisdiction over Plaintiff's claims pursuant to Section 502 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sec. 1132.

3. This Court has venue under Section 502(e)(2) of ERISA, 29 U.S.C. Sec. 1132(e)(2).

4. Plaintiff is an adult citizen of the United States residing within the County of Jefferson, State of Missouri which is located within the Eastern Division of the Eastern District of Missouri.

5. Plaintiff is the duly appointed personal representative of the Estate of John Lewis, Decedent (John Lewis is hereinafter referred to as "the Participant").

6. Until his death on March 6, 2005, the Participant was a resident of the County of St. Louis, State of Missouri which is located within the Eastern Division of the Eastern District of Missouri.

7. Great-West Life & Annuity Company (hereinafter "Great-West") is a Colorado corporation which, during all times relevant, conducted insurance business within the Eastern Division of the Eastern District of Missouri.

8. Great-West is the plan sponsor and claims administrator of Defendants Great-West Life & Annuity Insurance Company Employee Welfare Benefit Plan, Health and Welfare Plan of Great-West Life and Annuity Company, Great-West Life & Annuity Insurance Company Flexible Benefits Plan and Great-West Life Staff & Agents' Plan (hereinafter collectively referred to as "the Plans").

9. Defendants John Mulski and George Jelfimow are the "administrators" of the Plans, as named in the Plans.

2

10. The Plans are employee benefit plans which, until on or about December 31, 2004, provided health insurance benefits to the Participant on terms equivalent to active, non-disabled employees.

11. The Participant was previously employed by Defendant Great-West Life & Annuity Company (hereinafter "Great-West").

12. During times relevant, the Participant suffered from disabling muscular dystrophy.

13. On or about April 19, 2004, Defendants determined the Participant to be disabled and approved his application for long-term disability leave and long-term disability benefits.

14. The Participant remained on long-term disability leave and was provided long-term disability benefits until his death.

15. Material events underlying the claims brought herein occurred within the Eastern Division of the Eastern District of Missouri.

## COUNT I: VIOLATION OF ERISA AND THE PLANS

Comes now Plaintiff Heather Halbach, by attorneys, and, as personal representative of the Estate of John Lewis and on behalf of a class of long-term disability recipients denied benefits under Defendants' health insurance plans, states the following for her preliminary allegations against Defendants:

16. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15 above as if fully restated herein.

17. The Participant was an "employee" within the meaning of Section 3(6) of ERISA, 29 U.S.C. Sec. 1002(6); a "participant" within the meaning of Section 3(7) of ERISA, 29 U.S.C.

3

Sec. 1002(7); a "beneficiary" within the meaning of Section 3(8) of ERISA, 29 U.S.C. Sec. 1002(8); and a "person" within the meaning of Section 3(9) of ERISA, 29 U.S.C. Sec. 1002(9).

18.     Great-West is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. Sec. 1002(5); a "plan sponsor" with respect to the Plan within the meaning of Section 3(16)(B) of ERISA, 29 U.S.C. Sec. 1002(16)(B); an "administrator" with respect to the Plan within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. Sec. 1002(16)(A); and a "person" within the meaning of Section 3(9) of ERISA, 29 U.S.C. Sec. 1002(9).

19.     Mulski and Jelfimow are "administrators" with respect to the Plan within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. Sec. 1002(16)(A); "parties in interest" with respect to the Plan within the meaning of Section 3(14) of ERISA, 29 U.S.C. Sec. 1002(14); and "persons" within the meaning of Section 3(9) of ERISA, 29 U.S.C. Sec. 1002(9).

20.     The Plans are "employee benefit plans" and "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. Sec. 1002(3).

21.     Prior to December 31, 2004, by virtue of prior employment by Great-West and disability, the Participant and other similarly-situated disability benefit recipients were eligible for receipt of health insurance benefits from the Plans on terms equivalent to active, non-disabled employees.

22.     From about April 19, 2004 through December 31, 2005, pursuant to the Plans, Defendants provided the Participant and other similarly-situated disability benefit recipients health insurance benefits on terms equivalent to active, non-disabled employees.

23.     By form letter sent on or about November 8, 2004 to the Participant and other similarly-situated disability benefit recipients, Defendants adopted a policy under which they denied Participant and the other similarly-situated disability benefit recipients further health

4

insurance benefits under the Plans effective December 31, 2004. See copy of November 8, 2004 form letter attached hereto as "Exhibit 1."

24. In their November 8, 2004 form letter, Defendants expressly based their denial of further health insurance benefits on the disabilities of Participant and other similarly-situated disability benefit recipients. Ex. 1.

25. Defendants' denial of Participant's health insurance benefits violates ERISA and the Plan as (a) Defendants' denial is discriminatory and based on impermissible criteria and (b) Defendants' denial contradicts the terms of Plans.

26. Based upon information and belief, certification of a class comprised of long-term disability recipients denied benefits under Defendants' health insurance plans is appropriate as:

> a. The class is so numerous that joinder of all members is impracticable (Fed. R. Civ. Proc. 23(a)(1)), and
>
> b. There are questions of law and fact common to the class (Fed. R. Civ. Proc. 23(a)(2)), and
>
> c. The claims of the representative party are typical of the claims of the class (Fed. R. Civ. Proc. 23(a)(3)), and
>
> d. The representative party will fairly and adequately protect the interests of the class (Fed. R. Civ. Proc. 23(a)(4)), and
>
> e. The prosecution of separate actions by or against individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class (Fed. R. Civ. Proc. 23(b)(1)(A)), and / or

5

f.       The prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests (Fed. R. Civ. Proc. 23(b)(1)(B)); and / or

g.      Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole (Fed. R. Civ. Proc. 23(b)(1)(C)); and / or

h.      Questions of law or fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy (Fed. R. Civ. Proc. 23(b)(3)).

27.     As a direct and proximate result of Defendants' conduct, as aforesaid, the Participant and the other class members have suffered additional health insurance costs and / or out-of-pocket health care expenses.

WHEREFORE, Plaintiff prays this Court issue its order, judgment and decree awarding the Estate of John Lewis and the class:

a.      Health insurance benefits due under the Plans since January 1, 2005,

b.      Refund of COBRA premiums and / or premiums for other replacement health insurance in effect since January 1, 2005,

6

c.     Reimbursement of out-of-pocket health care costs which would have been covered by the Plans but for discontinuation of health insurance benefits effective December 31, 2005,

d.     Pre-judgment interest on all monetary amounts awarded,

e.     Injunctive relief requiring Defendants to reinstate the class members' health insurance benefits (on terms equivalent with health insurance benefits, rights and costs provided / required of active, non-disabled employees and their beneficiaries) retroactive to January 1, 2005,

f.     Injunctive relief requiring Defendants to prospectively provide health insurance benefits (on terms equivalent with health insurance benefits, rights and costs provided / required of active, non-disabled employees and their beneficiaries) to the class members,

g.     Plaintiff's reasonable attorney's fees and costs of litigation incurred herein, and

h.     such other and further relief as this Court deems just and proper.

## COUNT II: FAILURE TO PROVIDE INFORMATION AND DOCUMENTS

Comes now Plaintiff, by attorneys, and for Count II of her Complaint against Defendants, states as follows:

28.     Plaintiff expressly restates and realleges paragraphs 1 through 27 above as if fully restated and realleged herein.

29.     On February 1, 2005, Plaintiff's counsel, upon written authorization from the Participant, requested in writing certain information and documents from Defendants including the following:

7

a. Plan documents,

b. Summary plan descriptions,

c. Latest annual reports,

d. Trust agreements,

e. Contracts and other instruments under which the Plans are established and / or operated,

f. Detailed explanation of all reasons and bases for denial of medical benefits to Mr. Lewis and all other similarly-situated plan participants specifically citing all applicable plan provisions,

g. All documents, records and other evidence considered in such determination, upon which such determination is based, and relevant to the decision to deny or reduce benefits,

h. All documents reflecting, or pertaining, to the determination to deny the Participant and all other similarly situated employees' medical benefits,

i. The names, addresses and telephone numbers of all disability benefit receipts whose medical benefits have been terminated since January 1, 2004,

j. All documents available for consideration in such determination but either not considered or rejected as irrelevant or rejected for any other reason,

k. A copy of Mr. Lewis' entire claim file, and

l. All correspondence in this matter.

30. On September 19, 2005, Plaintiff's counsel, upon written authorization from the

Plaintiff, again requested in writing from Defendants the same information and documents

requested in the earlier February 1, 2005.

31. On or about November 21, 2005, Defendants untimely provided Plaintiff's

counsel some documents requested, but failed to disclose the following information and

documents requested in the February 1, 2005 and September 19, 2005 letters:

a. Contracts and other instruments under which the Plans are established and / or operated,

b. Detailed explanation of all reasons and bases for denial of medical benefits to Mr. Lewis and all other similarly-situated plan participants specifically citing all applicable plan provisions,

c. All documents, records and other evidence considered in such determination, upon which such determination is based, and relevant to the decision to deny or reduce benefits,

d. All documents reflecting, or pertaining, to the determination to deny the Participant and all other similarly situated employees' medical benefits,

8

e.     The names, addresses and telephone numbers of all disability benefit
       receipts whose medical benefits have been terminated since January 1,
       2004,

f.     All documents available for consideration in such determination but either
       not considered or rejected as irrelevant or rejected for any other reason,

g.     A copy of Mr. Lewis' entire claim file, and

h.     All correspondence in this matter.

32.    To date, Defendants have failed and refused to provide the above-listed

information and documents.

33.    Defendants' actions, as above, violate 29 U.S. C. Sec. 1024(b)(4), 29 U.S.C. Sec.

1133, 29 U.S.C. Sec. 1132(c)(1), 29 C.F.R. Sec. 2560.503-1(g)(1)(ii) and 29 C.F.R. Sec.

2560.503-1(g)(2).

WHEREFORE, Plaintiff prays that the Court enter an Order awarding penalties against

Defendants of up to $110.00 per day for each day after March 3, 2005 until such time as

Defendants produce to Plaintiff's counsel all information and documents previously requested,

for an award of Plaintiff's reasonable attorney's fees and costs incurred herein, and for such other

and further relief as the Court deems just and proper.

Respectfully submitted,

Sheldon Weinhaus, E.D.MO # 4670
906 Olive Street, Suite 900
St. Louis, Missouri 63101
Telephone: (314) 621-8363
Facsimile: (314) 621-8366

and

9

POTASHNICK LAW FIRM

Mark Potashnick, E.D.MO # 35970
111 Westport Plaza, Suite 600
St. Louis, Missouri 63146
Telephone: (314) 275-9150
Facsimile: (314) 275-9151

Attorneys for Plaintiff Heather Halbach



**Great-West**
LIFE & ANNUITY INSURANCE COMPANY

8525 East Orchard Road
Greenwood Village, CO 80111
(303) 737-3000
Mailing Address:
PO Box 1700, Denver, CO 80201-9952

November 8, 2004

Dear Great-West Health Plan Participant,

Each year Great-West carefully evaluates the benefits we provide to employees. We compare them to companies in our industry and across the country, and also consider using the products and services we provide to our own customers. With this in mind, medical benefits will no longer be continued for current or future Long Term Disability claimants. Continuation of coverage will be offered through COBRA and is limited to 18 months, or 29 months if you qualify for extended COBRA benefits. Please refer to the enclosed COBRA packet for details regarding continued coverage through COBRA.

Additionally, next year's benefit package will include the following:

- An enhanced plan named Open Access, which functions like our current PPO plan, utilizes the Open Access network
- Continuation of the Consumer Advantage Plan, which utilizes the PPO network
- Elimination of the HMO, PPO and POS medical plans

Enclosed is a summary of all plan changes, decision-making tools, health plan overviews and a health care resource guide.

Due to the change in the 2005 benefit package, your health coverage will terminate December 31, 2004, and you will be offered the option to elect coverage under COBRA. Enrollment will be done by completing the enclosed form and returning it to HR Benefits by November 30, 2004.

If you have any questions, please contact your Human Resources representative listed in the enclosed information.

Sincerely,

George Bogdewiecz
Vice President, Human Resources