UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER HALBACH, et al, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV02399 ERW |
| ) | |
| GREAT-WEST LIFE & ANNUITY ) | |
| INSURANCE COMPANY, et al., ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This Matter Comes before the Court on Defendants' Motion to Compel Deposition Answers from Plaintiff Halbach [doc. #106].

Defendants took the deposition of Plaintiff Halbach on November 16, 2006. During that deposition Defendants' counsel asked two questions to which she feels she did not receive satisfactory answers. Defendants now seek to compel the answers to those questions, as well as compel the production of further information regarding Plaintiff Halbach's fee arrangement with counsel. The two questions and there responses were:

> Q: Have you made arrangements for payments of attorneys' fees for this lawsuit?
>
> MR. POTASHNIK [counsel for Plaintiff Halbach]: Objection. Attorney-client privilege. Don't answer that.
>
> MS. GREATHOUSE [attorney for Defendants]: I don't think it is in relation to a class action. I think that we can actually explore what the arrangement made is.
>
> MR. POTASHNIK: I disagree. Don't answer that.
> . . .
> Q: Do you know whether you have any financial obligations to the class?
>
> A: Does that matter?

1

> Q: I have asked whether you have an understanding of whether you have any financial obligations to the class?
>
> A: I don't know.

*Defendants Mot. to Compel*, p. 2.  Plaintiffs respond that they have agreed to give Defendants the information requested regarding the attorney fee arrangement, on condition that it does not waive any other assertion of attorney-client privilege.  As to the second question, they assert that no objection was made, and therefore there is nothing to compel.  As requested by this Court, Defendant informed the Court that the information sought by the pending motion to compel was not addressed by Plaintiffs' response to later document requests, and therefore the Motion to Compel still requires a ruling.

Under the Federal Rules of Civil Procedure "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery. . .." Fed. R. Civ. P. 37(a).  The rule further states that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed. R. Civ. P. 37(a)(2)(A).

As the Defendants' counsel emphasized in the hearing on this motion, Defendants are concerned that Plaintiffs' counsel are using the contents of their fee arrangements with Plaintiff Halbach to argue against Defendants position of a conflict of interest in Plaintiff Halbach serving as class representative.  Defendants argue that it is unfair to allow Plaintiffs to use the fee arrangement information in their argument for class certification, but to disallow Defendants access to that arrangement.  Plaintiffs' counsel emphasized that they are willing to provide the information requested, but that they want to ensure that they are not waiving their attorney client privilege, and further that such information will be limited.

Although, Plaintiffs counsel asserted the attorney-client privilege, the Defendants' counsel did not seek to ask further questions which may not have been subject to the privilege. Furthermore, the second question listed above was answered by Plaintiff Halbach. There was nothing to prevent Defendants' counsel from asking more specific follow up questions regarding the issue of Plaintiff Halbach's financial responsibility to Mr. Lewis' beneficiaries. As the fee arrangement between Plaintiff Halbach and her attorneys relates to a potential conflict of interest in serving as class representative, Defendants are entitled to limited discovery on this issue. However, the Court does not believe that a second deposition is required. Defendants shall be allowed ten (10) interrogatories in order to obtain the information they require regarding fee arrangements. The information requested, regarding Plaintiff Halbach's obligations to the beneficiaries of the estate of Mr. Lewis, was not ever requested by Defendants' counsel during the deposition and therefore is not appropriately the subject of the current motion to compel. The additional discovery requests faxed to this Court by Defendants' counsel are also not the subject of the motion to compel, and are not subject to this ruling.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel [doc. #106] is **GRANTED in part and DENIED in part.** Defendants are permitted to serve an additional ten (10) interrogatories on Plaintiff Halbach on the question of fee arrangements. Defendants are not permitted to take Plaintiff Halbach's deposition a second time.

**IT IS FURTHER ORDERED** that Defendants request for costs associated with this motion is **DENIED**.

Dated this 8th Day of March, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE