UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER HALBACH, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV02399-ERW |
| ) | |
| GREAT-WEST LIFE & ANNUITY ) | |
| INSURANCE COMPANY, et al., ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Great-West Life & Annuity Insurance Co, Great-West Life & Annuity Company Employee Welfare Plan, Health and Welfare Plan for Employees of Great-West Life & Annuity Company, Great-West Life & Annuity Company Flexible Benefits Plan, and Great-West Life Staff & Agents Plan's ("Defendants") Motion to Dismiss Counts I and II of Plaintiffs' Second Amended Complaint [doc. #89].

## **I. FACTUAL BACKGROUND**[1]

Plaintiff Halbach is the personal representative of the estate of John Lewis. In the past, Mr. Lewis, a plan participant,[2] was employed by Defendant Great-West Life & Annuity Company

---

[1] This matter is before the Court on a Motion to Dismiss, therefore the facts are taken from the Plaintiffs' Second Amended Complaint.

[2] Pursuant to the provisions of ERISA, a "participant" is:
 any employee or former employee of an employer, or any member or former
 member of an employee organization, who is or may become eligible to receive
 a benefit of any type from an employee benefit plan which covers employees of
 such employer or members of such organization, or whose beneficiaries may be
 eligible to receive any such benefit.
29 U.S.C. § 1002(7).

1

("Great-West"). Plaintiff Schield is a current plan participant, and receives long term disability benefits. Great-West is the plan sponsor and claims administrator of Defendants Great-West Life & Annuity Insurance Company Employee Welfare Benefit Plan, Health and Welfare Plan of Great-West Life and Annuity Company, Great-West Life & Annuity Insurance Company Flexible Benefits Plan and Great-West Life Staff & Agents' Plan ("Plans").[3]

Both Mr. Lewis and Plaintiff Schield were employed by Great-west, before becoming disabled. Mr. Lewis suffered from muscular dystrophy and was approved for long-term disability leave on April 19, 2004. He was eligible and received long-term disability benefits until his death

---

[3] These plans are "employee welfare benefit plans." There are two types of employee benefit plans under ERISA, welfare plans and pension plans. *See* 29 U.S.C. § 1002(3). An "employee pension benefit plan" is:
> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund, or program-
> (I) provides retirement income to employees, or
> (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond,
> regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan.

29 U.S.C.A. § 1002(2). As distinguished from an "employee pension benefit plan," an "employee welfare benefit plan" (or "welfare plan") is:
> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1).

on March 6, 2005. Plaintiff Schield is also disabled,[4] and was approved for long-term disability benefits in 1996. Plaintiff Schield continues to receive long-term disability benefits through the present date.

From April 19, 2004 through December 31, 2004, Mr. Lewis, Plaintiff Schield and other disability benefit recipients received health care benefits pursuant to the Plans on terms equivalent to active, non-disabled employees. On November 8, 2004, Defendants mailed a letter to all plan participants giving notice that medical benefits would no longer be continued for current or future long term disability claimants after December 31, 2004. Mr. Lewis and Plaintiff Schield were no longer qualified as an eligible participant under the Plan and were therefore informed that under the Federal Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), they had the option of continuing Plan coverage after their coverage ended, at higher COBRA rates. The letter made no reference to dental, vision, and prescription drug benefits; however, these were also terminated for long term disability recipients effective December 31, 2004.

## II. PROCEDURAL HISTORY

Plaintiff Halbach filed suit against Defendants alleging that the Defendants amended their welfare benefit plan in violation of ERISA, and in violation of the Plans' terms by denying benefits under Defendants' health insurance plans (Count I). Plaintiff Halbach further alleged violations of ERISA for failure to provide information and documents in accordance with 29 U.S.C. §§ 1024(b)(4), 1133, and 1132(c)(1) (Count II). Defendants filed a motion to dismiss on February 22, 2006, which was granted in part and denied in part. This Court's June 6, 2006 order granted Defendants' Motion to dismiss Count I as it relates to Plaintiffs request for monetary relief and as far as it alleged discrimination, but denied the motion as to Count I as it related to the vesting of

---

[4]The Court has not been advised of her specific disability.

3

benefits. The Court denied the motion to dismiss as to Count II. Following this Court's order, Plaintiff Halbach filed an Amended Complaint which was accepted for filing on June 28, 2006, and subsequently, Plaintiff Halbach filed a Second Amended Complaint on October 2, 2006, adding Plaintiff Barbara Schield as a named Plaintiff. On February 2, 2007 this Court held a Court hearing on Plaintiffs' Motion to certify the case as a class action. This Court granted that motion, and entered an order on April 2, 2007, certifying the class, and naming Plaintiff Schield as class representative. Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint on October 23, 2006; that motion is currently pending before this Court.

### III. LEGAL STANDARD

A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support" of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In an order on a motion to dismiss, the court must assume that all allegations in the complaint are true and construe all reasonable inferences in the plaintiff's favor. *Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996) (citing *McCormack v. Citibank*, N.A., 979 F.2d 643, 646 (8th Cir. 1992)). The complaint "should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations. However, a complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46. "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, No. 05-1126 at 8, n. 3 (May 21, 2007).

4

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original)). "The Court need not, however, accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations." *Davis v. Bemiston-Carondelet Corp.*, 2005 WL 2452540, at *5 (E.D. Mo. Oct. 4, 2005) (citing *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, No. 05-1126, slip op. at 8.

## IV. DISCUSSION

Defendants seek a judgment in their favor on all counts of Plaintiffs' Second Amended Complaint. As this Court has noted in previous orders in this case, the key issue is whether medical and other welfare benefits were vested for long term disability participants under the terms of the plan. Also as previously noted by this Court, it is not presently appropriate to address this question, as the terms of the plan are not facially unambiguous. The matter comes before this Court on a motion to dismiss. Both parties have submitted numerous exhibits in support of their positions, that are not appropriately considered at this point. Furthermore, many of the issues raised by Defendants' motion, have been addressed either in this Court's prior order on Defendants' first motion to dismiss, or in this Court's order on Plaintiffs' motion to certify as a class action. The issues that have been addressed previously will only be briefly touched upon in this opinion.[5] The Court will address each argument in turn.

---

[5]As stated by this Court in *St. John's Mercy Medical Center v. Delfino, D.M.D.*, "the common law strongly directs courts to follow decisions made in an earlier proceeding unless substantially different evidence is introduced or the earlier decision is both clearly erroneous and works a manifest injustice or some other extraordinary circumstances exist." 2006 U.S. Dist. LEXIS 13844, *14 (E.D.Mo. March 29, 2006); *see also Bethea v. Levi Strauss and Co.*, 916

5

## A. COUNT I

Under Count I of Plaintiffs' Revised Second Amended Complaint, Plaintiffs allege that Defendants altered the terms of the Plans in a manner that violated the Plans' terms and which violated ERISA. Defendants assert that the amendments were valid, and that they were not in violation of either the terms of the Plans, or ERISA. Defendants raise two arguments which apply only to Plaintiff Halbach; first, that she lacks standing because she is neither a participant nor a beneficiary of the plan within the meaning of ERISA, and second, that she is not entitled to compensatory damages under ERISA and that Mr. Lewis will not benefit from equitable relief. Defendants also assert that Count I should be dismissed as to both named Plaintiffs and the plaintiff class members, as the termination of the designated coverages was reasonable pursuant to the abuse of discretion standard, which applies to Defendants' interpretation of the relevant plan provisions.

### 1. Plaintiff Halbach

The first two of Defendants' arguments in support of their motion to dismiss are aimed only at Plaintiff Halbach. Defendants' first argument is unpersuasive, as the law clearly allows a representative of a deceased participant to represent the interests of the participant.[6] However, as this Court ruled in its order granting class certification, Plaintiffs' request for equitable relief in the form of equitable tracing of overpayments was insufficient to support Plaintiff Halbach's standing

---

F.2d 453, 457 (8th Cir. 1990).

[6]As a general rule "the named plaintiff must be a member of the class she seeks to represent." *Sample v. Monsanto Co.* 218 F.R.D. 644, 648 (E.D.Mo. 2003). However, as Plaintiffs correctly assert, when an administrator of a decedent's estate pursues the decedent's claim, they stand in the shoes of the decedent. *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 248 n. 7 (3rd Cir. 2002). Therefore, Plaintiff Halbach is able to assert the claims of Mr. Lewis, as she stands in his shoes as the administrator of his estate.

to represent the class.[7] Furthermore, Plaintiff Halbach could not seek equitable relief in the form of an injunction, as Mr. Lewis, the plan participant, could not benefit from such relief. Therefore, Defendants' Motion to Dismiss Count I against Plaintiff Halbach is granted.

### 2. Plaintiff Schield

Plaintiff Schield is the named plaintiff under Count I and has been appointed to represent the class in this action. In accordance with this Court's April 2, 2007 order, all claims under Count I for specific performance, equitable tracing of overpayments, and equitable restitution of overpayments ("retrospective relief") are dismissed. The Court discussed this issue in its class certification order in the context of standing; whether Plaintiff Halbach had standing to represent the class. As stated above, the holding was that she did not. The analysis used in determining that Plaintiff Halbach lacked standing is also determinative of the validity of the remaining Plaintiffs' claims for retrospective relief. Although Plaintiffs are correct that court's have permitted equitable relief in the form of the return of overpayments,[8] Plaintiffs' have failed to

---

[7]The question, as framed in this Court's Class Certification order, is whether any relief is available to Plaintiff Halbach other than future injunctive relief that is mooted by Mr. Lewis' death. This Court determined that no such relief was available, and therefore Plaintiff Halbach lacked standing. *See Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 249 (3rd Cir. 2002) (Holding that the plaintiff's declaratory and injunctive relief claims were moot because of the plaintiff's death.). Specifically, this Court determined that the measure of the harm alleged was determined by looking at Plaintiffs' loss, not the Defendants' gain, and therefore the relief sought was legal not equitable. *See e.g. Calhoon v. Trans World Airlines, Inc.*, 400 F.3d 593, 596-97 (8th Cir. 2005) ("In determining whether the nature of the monetary relief sought is equitable or legal, we ask whether the value of the harm done that forms the basis of the damages is measured by the loss to the plaintiff or the gain to the defendant, and whether the money sought is specifically identifiable as 'belonging in good conscience to the plaintiff' and can 'clearly be traced to particular funds or property in defendant's possession.'" (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)).

[8]ERISA permits a civil action to be brought "by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain *other appropriate equitable relief*. . .." 29 U.S.C. § 1132(a)(3) (emphasis added).

7

plead facts sufficient to support this claim. The relief sought by the Plaintiffs is in the form of restitution, but it is legal restitution, not equitable restitution. *See generally Great-West Life & Annuity Co.*, 534 U.S. at 212 ("[N]ot all relief falling under the rubric of restitution is available in equity."). As held in our June 6, 2006 motion to dismiss order, the Plaintiffs seek the return of COBRA premiums, and overpayments for medical services which are all determined by looking at the loss to Plaintiffs, not the gain to the Defendants. Defendants motion to dismiss is granted as to Plaintiffs' claims for retrospective relief.

Plaintiffs assert two bases for invalidating the plan amendment. Both are based on the plan provision under Section 5. 1, which states:

> **Amendment of Plan**. The Company reserves the right at any time or times to amend the provisions of the Plan to any extent and in any manner that it may deem advisable, by a written instrument signed by an officer of the Company; provided, however, that no such modification shall divest a participant of benefits under the Plan to which he has become entitled prior to the effective date of the amendment.

Plan Document, § 5.1. The first assertion is that the termination of the Designated Coverages violated this provision because it divested participants of benefits under the Plan to which they had become entitled prior to the effective date of the amendment; that the terminated benefits had vested. The second assertion, is that the amendment violated this provision because it was not effectuated through a written instrument signed by an officer of the Defendant company. Defendants refute both of Plaintiffs' allegations under Count I.

First Defendants argue that the discontinuation of the designated coverages is substantively consistent with the terms of the plan, and therefore Count I fails to state a claim. Specifically, that Defendants interpretation is entitled to discretion and that their interpretation is consistent with Eighth Circuit case law. Defendants recognize in their current motion that this Court ruled on June 6, 2006 that "whether or not the relevant language of Section 5.1 permits an

amendment to the Plan allowing for the discontinuation of the Designated Coverages for disabled Plan participants depends upon whether a right to medical benefits vests (I) upon a determination that a participant is disabled (as Plaintiffs assert) or (ii) only after a claim is made for a particular service, or benefit, (as Defendants assert)." *Def. Memo. in Support of Def. Mot. to Dismiss Pls' Second Am. Compl.*, p. 15. The Court ruled that the language of the plan was not facially unambiguous, as illustrated by the two alternate interpretations by the parties, and therefore Plaintiffs had stated a claim for relief under ERISA. In response, Plaintiffs raise a number of arguments why discretion is inappropriate, and in the alternative Plaintiffs argue that even if discretion is appropriate, Defendants abused that discretion because Defendants' interpretation of the Plans was not reasonable. The Court need not address each argument in detail, as the face of Plaintiffs' Complaint alleges sufficient facts to support the claims.

In support of their position, Defendants cite the case of *King v. Hartford Life and Accident Ins. Co.*, which held that "[w]here a plan gives the administrator discretionary power to construe uncertain terms or to make eligibility determinations. . . the administrator's decision is reviewed only for an abuse of his discretion." 414 F.3d 994, 999 (8th Cir. 2005) (internal quotation omitted). However, there are a number of factors present in that case which make the case unpersuasive on the question before this Court. Most notably, the ruling being reviewed by the Court of Appeals was the district court's grant of summary judgment, not a motion to dismiss. *Id.* at 996. Plaintiffs have alleged that Defendants did abuse their discretion, or in Plaintiffs' words, they violated their fiduciary duty as plan administrator by divesting participants of benefits to which they had become entitled. Whether Defendants interpretation of the plan provision was reasonable, requires this Court to look outside the plan documents, which as this Court held in its prior order, is inappropriate at the motion to dismiss stage.

9

Defendants also argue that Plaintiffs have failed to state a claim under Count I, that Defendants failed to follow the procedural requirements for an amendment. However, this question is also not appropriate for decision on a motion to dismiss. Plaintiffs' have alleged facts sufficient to support a finding that Defendants' failed to comply with ERISA when they amended the terms of the Plan, specifically that they failed to effectuate the amendment by a written instrument signed by an officer of the company. Defendants are correct that there are few requirements under ERISA for a valid plan amendment, but Plaintiffs' assertion is not that the amendment failed to comply with requirement under ERISA, but rather that it fails to comply with the terms of the Plan itself. Plaintiffs have stated a claim for relief under Count I on the basis that Defendants' failed to comply with the terms of the plan when they terminated the designated coverages. Whether the Defendants abided by the procedure is a question of fact that cannot be determined at this time. Defendants motion is denied on this basis.

### B. COUNT II

Count II of Plaintiffs' Second Amended Complaint seeks statutory penalties as a result of Defendants' failure to supply Mr. Lewis with information and documents in violation of ERISA's disclosure requirements. Count II relates to Plaintiff Halbach only, and does not effect the class. This Court held in its June 6, 2006 order, that the Complaint states a claim for statutory penalties under ERISA, 29 U.S.C. § 1024(b)(4), for failure to produce requested documents. In the pending motion to dismiss, Defendants raise an additional argument that Plaintiff Halbach's claim under Count II cannot succeed, because penalties under ERISA are dependent upon the propriety of the participant's colorable claim for vested benefits. Specifically, Defendants argue that Plaintiff Halbach has no colorable claim for benefits, because damages are unavailable under ERISA, and she lacks standing to seek injunctive or declaratory relief. Plaintiffs' respond that

because Count II was addressed in this Court's prior ruling, that ruling must control, and regardless, Mr. Lewis had a colorable claim at the time the request was made. Having decided that Count I must be dismissed against Plaintiff Halbach, the Court must now decide whether this precludes recovery under Count II.

ERISA requires a plan administrator to provide specific information listed in 29 U.S.C. § 1024(b)(4),[9] when requested by a "participant or beneficiary." A participant is defined as

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). The Eighth Circuit in *Mead v. Intermec Technologies Corp.*, held that "a former employee is owed a duty to receive information from a former employer *only if* that former employee is a 'participant,' defined as a former employee who has a colorable claim that would prevail in a suit for benefits." 271 F.3d 715, 717 (8th Cir. 2001) (emphasis in original) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117-118 (1989)). A colorable claim is one that is not without some merit. *Jenson v. Schweiker*, 709 F.2d 1227, 1230 (8th Cir. 1983) (In the context of a colorable constitutional claim, the court held that plaintiff's claims were colorable, that they "are not without some merit."); *see also In re LTV Steel Co., Inc.*, 333 B.R.

---

[9]29 U.S.C. § 1024 states:

The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated. The administrator may make a reasonable charge to cover the cost of furnishing such complete copies. The Secretary may by regulation prescribe the maximum amount which will constitute a reasonable charge under the preceding sentence.

11

397, 406 (N.D.Ohio, 2005) ("A colorable claim is defined as one which is plausible or not without merit."). The Fifth Circuit in *Abraham v. Exxon Corp.*, distinguished the requirement that a party show a colorable claim from the requirement that a party show the likelihood of success on the merits. 85 F.3d 1126, 1129 (5th Cir. 1996). The Fifth Circuit specifically stated that "Abraham [the plaintiff] may have ERISA standing even if he is ultimately not entitled to receive benefits under the plan." *Id.* A colorable claim is a low standard.

This Court has clearly held in both this order, and the prior June 6, 2006 order, that Plaintiff Halbach cannot assert a claim for equitable relief under ERISA, as any injunctive or declaratory relief sought is moot, and damages are unavailable. The question before the Court is whether this prohibits a claim for penalties because of the lack of a colorable claim by Plaintiff Halbach. Plaintiff Halbach is suing as the personal representative of Mr. Lewis, who if he were still living, would have a colorable claim, under the definition cited above, for vested benefits. Furthermore, the Court notes that at the time the request for documents was made, Mr. Lewis was still living and was a beneficiary under the plan. However, Mr. Lewis' death clearly mooted his claim for prospective equitable relief. The factual circumstances of this case raise a difficult question neither addressed by the Eighth Circuit in *Mead*, nor by the Supreme Court in *Burch*.

Plaintiff Halbach is considered to be standing in the shoes of Mr. Lewis, as the representative of his estate. *Harrow*, 279 F.3d at 248 n. 7. At the time the request was made by Mr. Lewis, pursuant to 29 U.S.C. § 1024, Mr. Lewis was a beneficiary within the definition provided by ERISA and he had a colorable claim for relief. Therefore, the Court concludes that Plaintiff Halbach has stated a claim upon which relief can be granted. The limitation is not intended to prevent an administrator of a decedent's estate from seeking relief on behalf of a deceased, but to prevent a request for information made by a party with no rights to benefits

12

under the plan. *See Mead*, 271 F.3d at 717. The fact that Mr. Lewis is deceased, should not excuse Defendants' alleged failure to comply with the statute. Defendants' Motion to Dismiss Count II is denied.

## V. CONCLUSION

For the reasons stated in this Court's class certification order, Count I is dismissed in its entirety as to Plaintiff Halbach. Furthermore, Count I is dismissed as to the class with respect to Plaintiffs' claims for retrospective relief. However, Plaintiffs' claims for injunctive and declaratory relief are valid and remain pending. Count II also remains. Mr. Lewis had a colorable claim for relief at the time he requested documents from Defendants, and Plaintiff Halbach can stand in his shoes to enforce that right.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. #89] is **GRANTED in part** and **DENIED in part.** It is **GRANTED** as to all Plaintiffs' request for specific performance, equitable tracing of overpayments and equitable restitution of overpayments under Count I of Plaintiffs' Second Amended Complaint. It is **GRANTED** as to Plaintiff Halbach's claim for declaratory and injunctive relief under Count I of Plaintiffs' Second Amended Complaint. It is **DENIED** as to all other claims under Count I. It is **DENIED** as to Count II.

Dated this 29th Day of May, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE