UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER HALBACH, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV02399-ERW |
| ) | |
| GREAT-WEST LIFE & ANNUITY ) | |
| INSURANCE COMPANY, et al., ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Compel Production of a Rule 30(b)(6) Deponent to Identify and Authenticate Documents [doc. #153].

## **I. BACKGROUND**

Plaintiffs seek to compel the production of a deponent who can identify and authenticate a number of documents that have been produced in the course of discovery. Defendants have agreed to produce a number of deponents to address a number of topics noticed in Plaintiffs' Rule 30(b)(6) designations, however, Defendants have not agreed to produce a witness to identify all the documents listed in Plaintiffs' Rule 30(b)(6) notice. There is disagreement between the parties regarding when this refusal was made. Defendants assert that they never agreed to produce such an individual, Plaintiffs assert that the first time they knew of such refusal was on July 17, 2007, the day before Rule 30(b)(6) depositions were scheduled to begin in Colorado. On July 17, 2007, Defendants' counsel sent a letter via e-mail and facsimile, which stated "as we previously discussed, Great-West has not designated anyone to testify as to the matters addressed in Topic 6 [document authentication and identification] of your 30(b)(6) deposition notices." *Pls. Fifth*

1

*Motion to Compel*, Ex. 3. Defendants' counsel further stated that they expect the on-going 30(b)(6) depositions and future fact witness depositions to address the identification and authentication issues. *Id.* Lastly Defendants' counsel states that authentication and identification of letters sent by individual class members regarding benefit eligibility can be stipulated to by the end of next week. *Id.*

## II. DISCUSSION

Rule 30 (b)(6) states that:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.

This provision allows for parties to notice depositions based on subject matter, and places the obligation on the corporation to provide the appropriate individual.

The Court does not believe it is unreasonable to request a witness who can identify and authenticate documents provided by the opponent in the course of discovery, so that they can be admitted into evidence in a future court proceeding. Furthermore, the Court does not believe it is unreasonable to want to consolidate depositions into a single week, so as to limit travel expenses. However, the Court also understands Defendants' position that it is more efficient to identify and authenticate the documents in the course of deposing the identified Rule 30(b)(6) deponents, and any documents remaining can be stipulated to by Defendants.

The Court concludes that Defendants are required to produce deponents on the subjects listed in Plaintiffs' notice, as they have not filed any motion with this Court objecting to such

requests. In the event that all documents are not identified and authenticated in the course of the on-going Rule 30(b)(6) depositions, or through stipulations during the next week, Defendants will be required to produce a Rule 30(b)(6) deponent who can testify as to the identity and authenticity of the noticed documents. Furthermore, the deposition will take place in St. Louis so as to limit Plaintiffs' travel expenses. Plaintiffs need not be put to the burden of making a second trip to Colorado due to Defendants' failure to produce the requested deponent.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Production of a Rule 30(b)(6) Deponent to Identify and Authenticate Documents [doc. #153] is **GRANTED in part and DENIED in part**. Defendants shall authenticate and identify all documents sought by Plaintiffs within ten (10) days of this order, either through the deposition testimony of currently identified Rule 30(b)(6) deponents, or through stipulations. In the event that Defendants fail to authenticate and identify all documents, they shall provide a Rule 30(b)(6) deponent to be deposed by Plaintiffs in St. Louis.

Dated this 19th Day of July, 2007.

 _____
 E. RICHARD WEBBER
 UNITED STATES DISTRICT JUDGE