UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER HALBACH, et al., )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>GREAT-WEST LIFE & ANNUITY )<br>INSURANCE CO., et al., )<br>)<br>Defendant(s). ) | Case No. 4:05CV02399 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' Motion to Compel Compliance with the Court's July 18, 2007 Memorandum and Order [doc. #163] and Plaintiffs' Sixth Motion to Compel [doc. #165].

## I. BACKGROUND

Plaintiffs filed suit against Defendants alleging that Defendants discontinued their employee benefits in violation of ERISA and the ERISA plan's own terms, and in violation of Defendants' fiduciary duties to Plaintiffs. Plaintiffs now seek to compel Defendants' response to discovery requests. Plaintiffs and Defendants disagree over the meaning of the terms of the plan, and on June 6, 2006, this Court ordered that extrinsic evidence should be considered in resolving ambiguity that existed in the plans terms. Currently pending before the Court are two Motions to Compel.[1] A hearing was held on this date, and the Court will now address the two motions. As

---

[1]The Court notes that also pending is Plaintiffs' Seventh Motion to Compel [doc. #171], which was filed by Plaintiffs on September 11, 2007. That Motion is not fully briefed and will not be addressed in this ruling.

1

an initial matter, the Court notes that during the course of the hearing, the parties reached an agreement regarding Defendants' Motion to Compel; therefore Defendants' Motion is denied as moot.

## II. LEGAL STANDARD

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Federal rules further provide for limits on discovery requests. Specifically,

> discovery methods otherwise permitted . . . shall be limited by the by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . .; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Under Rule 37 "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ." Fed. R. Civ. P. 37(a).

## III. DISCUSSION

Plaintiffs' Sixth Motion to Compel seeks to discover any written communications between Defendants and disabled plan participants, who are not class members, and Defendant Great-West, regarding the duration of health insurance and welfare benefits, that constitutes extrinsic evidence of the meaning of the ERISA plan terms at issue in this suit. Defendants dispute Plaintiffs' right to discover this information; as Defendants assert that it is not relevant under Eighth Circuit jurisprudence. Furthermore, Defendants assert that Plaintiffs' request is overly

burdensome, as it will require Defendants to spend several hundred hours looking for relevant documents.

The Court finds that the documents sought by Plaintiffs are relevant to the issues to be decided by the Court and therefore, are subject to discovery. However, the Court is mindful of those factors which may be considered to limit discovery requests, in order to prevent an unnecessary burden on the disclosing party. *See* Fed. R. Civ. P. 26(b)(2)(C). Some factors weigh in favor of denying Plaintiffs' Motion due to the burden on Defendants; Plaintiffs have been provided with similar discovery responses for class members, and further review of files by Defendants will be time consuming and expensive. However, other factors counsel in favor of granting Plaintiffs' Motion; as Plaintiffs stated during the hearing, the issues to be determined by this Court are significant, as they will determine the right to welfare benefits of a class of disabled Plaintiffs. Therefore, the Court finds that Defendants shall respond to the discovery request for a period dating back to the beginning of 1995.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Compliance with the Court's July 18, 2007 Memorandum and Order [doc. #163] is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiffs' Sixth Motion to Compel [doc. #165] is **GRANTED in part** and **DENIED in part**.  Defendants shall produce all documents responsive to Plaintiffs' request, going back to 1995, for non-class members who were on long term disability prior to the purported 2004 plan amendment.  All documents prior to that time need not be produced.

Dated this 12th Day of September, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE