UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER HALBACH, et al., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 4:05CV02399 ERW |
| GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Stay Pending Appeal and for Waiver of Supersedeas Bond [doc. #251].

**I. BACKGROUND**

On November 19, 2007, this Court entered Judgment in favor of Plaintiffs on both Counts of Plaintiffs' complaint. Count I of Plaintiffs' complaint was a class action, which alleged violation of ERISA for illegally terminating welfare benefits to which disabled participants had become entitled. This Court ruled in favor of Plaintiffs, and ordered that Defendants reinstate the disabled class members welfare benefits. The Court gave the Parties sixty (60) days from the date of the judgment to provide the Court with a joint memorandum containing the names of all eligible disability recipients and the benefits to which they are entitled. Count II of Plaintiffs' Complaint was an individual claim by Heather Halbach seeking statutory penalties. This Court ordered that Defendants pay Plaintiff Halbach a statutory penalty in the amount of $14,650.00. Defendants now seek to stay the imposition of the monetary penalty pending appeal, and for

waiver of the bond requirement. The Court held a hearing on Defendants' motion on this date, and will now address the pending motion.

## II. LEGAL STANDARD

Rule 62 of the Federal Rules of Civil Procedure, provides, in pertinent part, that:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the Court.

Fed. R. Civ. P. 62(d). "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *United States v. Mansion House Center Redevelopment Co.*, 682 F.Supp.446, 449 (E.D.Mo. 1988). The district court in *Mansion House*, recognizes that a court "may grant the stay without a supersedeas bond or with a partial bond. *Id.* at 449-450.

## III. DISCUSSION

Plaintiffs raise two arguments in opposition to Defendants' motion. Firstly, Plaintiffs argue that Defendants' request is premature, as the judgment is not final. Secondly, Plaintiffs argue that the circumstances of this case do not warrant waiver of the supersedeas bond requirement, due to Defendants' clear ability to pay the bond. Defendants respond that their appeal is not premature, but that even if it is, that argument is properly raised before the Court of Appeals,[1] and secondly, that because of their clear ability to pay, the bond requirement should be waived.

---

[1] Defendants represented to this Court, that Plaintiffs have filed a motion with the Court of Appeals to dismiss the appeal as premature.

The Court first addresses Plaintiffs argument that Defendants' motion is premature. The Court finds both of Defendants' arguments on this point persuasive. The Judgment, entered by this Court on November 17, 2007, was a final judgment, which conclusively resolved the issues to be decided in the case. The sixty (60) day period was provided to allow the parties to work together to present to the Court a memorandum outlining how the judgment was to be executed. *See Huey v. Sullivan*, 971 F.2d 1362, 1365 (8th Cir. 1992) ("We do not believe that retention of jurisdiction to oversee execution of the judgment prevents the district court's decision on the merits from becoming final."). The Court's November 17, 2007 judgment was final, and therefore an appeal from that judgment is appropriate, and Defendants' request to stay imposition of the judgment is not premature. The Court further finds that even were Plaintiffs' argument correct, that the appeal was premature, such an argument is more appropriately made before the Court of Appeals. For these reasons, the Court believes it is appropriate to address the merits of Defendants' request to stay imposition of the judgment and waive the supersedeas bond requirement.

In *Mansion House*, the Eastern District of Missouri provided three goals sought to be accomplished by the imposition of a bond. 682 F.Supp. at 449, n. 5.

> The bond thus serves three main purposes: first, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal.

*Id.* (citing *Grubb v. Federal Deposit Insurance Corp.*, 833 F.2d 222, 226 (10th Cir. 1987)). By waiving the bond requirement, the first goal stated above would be equally served as requiring a bond, as Defendants will not be obligated to pay the judgment to Plaintiff Halbach prior to appeal.

The second and third enumerated goals are accomplished by the undisputed testimony of both Parties, that Defendants clearly have the ability to pay the amount of this judgment, plus any additional costs incurred due to the delay from appeal. Defendants clear ability to pay the amount of this judgment, plus any accumulated interest, make the supersedeas bond requirement of Rule 62(d) unnecessary in this case, and therefore the Court grants Defendants' request that the bond be waived. *See Executive Air Taxi Corp. v. City of Bismarck, N.D.*, 2007 WL 559819, *1 (D.N.D. 2007) (The court listed a number of factors to consider in deciding whether to waive the bond requirement, including "the degree of confidence that the district court has in the availability of funds to pay the judgment" and "whether the appellant's ability to pay the bond is so plain the cost of the bond would be a waste of money. . . ."). The Court concludes that the bond is unnecessary in this case, and therefore Defendants' request to waive the requirement is granted.

## IV. CONCLUSION

The Court concludes that the motion before the Court is not premature. The Judgment entered by this Court on November 17, 2007 was a final, appealable judgment. Furthermore, the Court finds that the imposition of a supersedeas bond is unnecessary in this case. Defendants clearly have the ability to pay the amount of the judgment plus interest, and therefore the imposition of this requirement would be unnecessarily costly to the Defendants. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay Pending Appeal and for Waiver of Supersedeas Bond [doc. #251] is **GRANTED**.

Dated this 20th Day of December, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE