UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER HALBACH, et al, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV02399 ERW |
| ) | |
| GREAT-WEST LIFE & ANNUITY ) | |
| INSURANCE COMPANY, et al., ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs and Defendants Joint Report [doc. #274], and Plaintiffs' Motion for Approval of Notice to Class of Motion for Attorney's Fees [doc. #276].

**I. BACKGROUND**

On November 19, 2007, this Court entered judgment in favor of Plaintiffs in the above captioned matter. That order further provided that the Parties had sixty days to submit a joint proposal regarding how this Court's judgment was to be implemented. In accordance with this Court's order the Parties' submitted a joint submission. However, there were a number of issues which the Parties' disputed, and therefore each Party has submitted a brief in support of their respective positions. Also pending before the Court is Plaintiffs' Motion for Approval of Notice to Class of Motion for Attorney's Fees.[1] The Court will address the two pending motions at this time.

---

[1]The Court recognizes that Plaintiffs' Motion for Attorneys' Fees and Costs [doc. #253] is also pending. The Court will address that motion in a separate order.

1

## II. JOINT SUBMISSION[2]

The Parties agree that the majority of the class members are entitled to reinstatement of their health, dental, vision and prescription drug coverages ("the Coverages"). However, the Parties disagree over the eligibility of the reinstatement of benefits for 100 potential class members. Twenty-three of these individuals are class members who did not receive benefits as active employees. The remaining seventy-seven are individuals who are no longer receiving long-term disability benefits.[3] Finally, the Parties dispute whether the reinstatement of benefits should be made retroactive to the date of the alleged amendment, January 1, 2005.

As an initial matter the Court will address Defendants' argument that Plaintiffs' brief raises issues that essentially request this Court to alter or amend its November 19, 2007 judgment, and is therefore untimely. Under the federal rules a motion to alter or amend the judgment must be filed no later than ten days after entry of judgment. Fed. R. civ. P. 59(e). This Court's order stated that "the Parties shall submit to the Court, within sixty (60) days, a joint memorandum with all individuals to be reinstated, and the benefits to which they are entitled." *Memorandum and Order*, November 19, 2007, p.30. The Court does not see the issues presented in Plaintiffs' brief as a motion to amend the judgment; the judgment entered by this Court specifically reserved the determination of the exact benefits due to eligible class members, pending the joint submission by the Parties. Therefore, the Court does not consider Plaintiffs' arguments, raised in their brief in

---

[2]Plaintiffs raise the possibility of this Court ordering reinstatement of benefits before ruling on Plaintiffs' request for back benefits. Such a sequence of events is illogical. This order addresses all of the issues raised by the Parties in their joint submission and subsequent briefs. Following receipt of this Order, the Parties' shall notify the class members in accordance with this ruling.

[3]In the Parties' joint submission this category of individuals was stated as including seventy-six individuals. Since the date of that filing, an additional individual has died, making the total number in this category seventy-seven.

2

support of the joint submission, a motion under Federal Rule of Civil Procedure 59(e), and shall consider the substantive issues raised.[4]

The first issue addressed by both Parties' is whether Plaintiffs are entitled to back benefits, from the date of the plan amendment to the date of reinstatement. Defendants correctly assert that this question was fully addressed by this Court in its ruling on Defendants' motions to dismiss. The Court clearly held that Plaintiffs' claims for retrospective relief were not valid under ERISA § 502(a)(3). *See Memorandum and Order*, May 29, 2007, p. 7. The Court need not repeat its analysis a second time regarding the limits of the relief permitted under this provision of ERISA. For those reasons stated in this Court's prior rulings, Plaintiffs assertion that this Court's November 19, 2007 judgment includes claims for back benefits is untenable. Plaintiffs are entitled only to injunctive relief in the form of prospective reinstatement of vested benefits.

The Parties also disagree over the scope of the class. The first set of disputed class members, are twenty-three class members that did not receive benefits as active employees, prior to becoming disabled. Plaintiffs argue that these long-term disability recipients would have had the opportunity, under the old plan, to enroll in the Coverages each "open season," while on disability, just as they were able to do while employees. Defendants dispute this interpretation of

---

[4] Defendants briefly raise the argument that Plaintiffs' motion is also improper under Federal Rule of Civil Procedure 60(b), as a motion for clarification. That rule states, in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding . . .. The motion shall be made within a reasonable time . . .." Fed. R. Civ. P. 60(b). Defendants assert that a motion under this rule would also be untimely. Defendants do correctly state that "when the alleged error could have been corrected by appeal, this court requires that the Rule 60(b) motion be made within the thirty-day time period for filing a notice of appeal, so as to prevent its use as a substitute for timely appeal on the underlying merits." *Townsend v. Terminal Packaging Co.*, 853 F.2d 623, 624 (8th Cir. 1988). However, the Court need not address that question. The Court does not see Plaintiffs' motion as a substitute for appeal, and for the same reasons stated above, the Court is not persuaded that this is a motion for clarification under Rule 60(b).

3

the old plan. Defendants argue that once an individual employee became disabled, they were entitled to continue those benefits they were currently receiving, but if they were not receiving any of the Coverages, they could not enroll in them after becoming disabled. Ms. Dillabough, an employee of Defendant who was authorized to testify as to the terms of the plan, stated at her deposition that the plan in effect as of January 1, 2004, allowed for the continuation of coverage only. This is further supported by the language in the Summary Plan Description (SPD) for the plan at issue. The SPD states: "If your Service ends due to illness and you have been approved for LTD benefits, coverage will continue during the course of the total disability." *Defs. Opp. to Pls. Brief Regarding Disputed Issues of Reinstatement of Benefits*, Ex. E. The question of whether an individual could re-enroll to elect the disputed Coverages was not an issue that was raised in this litigation, and therefore, the Court has no reason to discredit Defendants interpretation of this provision. This Court's November 19, 2007 order provided for the reinstatement of the Coverages, it did not provide for the reinstatement of the opportunity to enroll in the Coverages. The Court concludes that these twenty-three class members are not entitled to relief.

The second set of disputed class members includes 77 individuals whose long-term disability benefits have terminated.[5] Plaintiffs' argue that these individuals should be given a second opportunity to appeal the denial of benefits due to the additional incentive provided by the Court's judgment. These individuals all had the opportunity to appeal the discontinuation of

---

[5] There are a number of reasons why these individuals are no longer receiving benefits, including, death, they reached the maximum benefit under the Plan, they returned to work, or they are no longer disabled under the terms of the Plan.

disability benefits.[6] This Court's order is only applicable to those individuals on long-term disability. Plaintiff seeks to extend this decision to those who have been denied long-term disability status. Arguing that had they known of the additional benefits they would receive as a result of this lawsuit, they may have decided to appeal their denial of benefits. However, Defendants decision to grant or deny long-term disability status is immaterial, as is the appeals process they employ for reviewing disability decisions. An individual employee's decision to appeal the denial of benefits is unrelated to this suit. Therefore, the Court concludes that this group is not entitled to the reinstatement of benefits, nor are they entitled to a second opportunity to appeal the denial of said benefits. Furthermore, as the Court has concluded that back benefits are not appropriate relief under this Court's November 19, 2007 judgment, no relief is due this set of class members.

### III. MOTION FOR APPROVAL OF CLASS NOTIFICATION

Plaintiffs' attorneys wish to notify the class of Plaintiffs' attorneys' motion for attorneys' fees. Defendants have not filed a response in opposition to Plaintiffs' motion, which would have been due on February 4, 2008.

Rule 23 of the Federal Rules of Civil Procedure states, in pertinent part:

A claim for an award of attorney fees and nontaxable costs must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision, at a time set by the court. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

Fed. R. Civ. P. 23(h).

---

[6]Some of these individuals still have the opportunity to appeal the termination of their disability benefits, where the applicable appeals period has not yet run. However, for the majority of those individuals, who are still living, and not employed, their appeals period has expired or their appeal was denied.

The Court has reviewed Plaintiffs' advised class notification and finds it to be in accordance with the federal rules. Plaintiffs' attorneys may immediately notify the class of their motion for attorneys' fees. Class members shall be given until 5:00 p.m. on March 15, 2008 to request a copy of this motion along with all exhibits, briefs, and memorandum in opposition. The Court will not rule said motion until those class members who wish to review the record of the pending motion have had the opportunity to do so.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall reinstate the benefits of the undisputed class members in accordance with Section III of the Parties Joint submission, effective upon the date of election by each individual class member. No retroactive relief is authorized under the law, or under this Court's November 19, 2007 judgment. The one hundred (100) disputed class members are not entitled to relief under this Court's November 19, 2007 judgment.

**IT IS FURTHER ORDERED** that the Parties' shall submit to the Court a joint notice to be sent to all class members, informing the class members of their rights under this Court's November 19, 2007 judgment, as clarified by this Order, within twenty (20) days of the date of this Order. The notification shall provide for a sixty (60) day time period in which the class members shall notify Great-West, the Plan Administrator, of their elections for reinstatement.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Approval of Notice to Class of Motion for Attorney's Fees [doc. #276] is **GRANTED**.

Dated this 20th Day of February, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE