UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER HALBACH, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV02399 ERW |
| ) | |
| GREAT-WEST LIFE & ANNUITY ) | |
| INSURANCE COMPANY, et al., ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Parties' respective Notices of Filing of Proposed Notice to Class members and Coverage Election Form [docs. ##305 & 307] and Defendants' Motion for Stay of Judgment Pending Appeal [doc. #306].

## I. BACKGROUND

This Court entered judgment in favor of Plaintiffs, on Plaintiffs' Motion for Summary Judgment. Pursuant to that order, the parties were instructed to file a Joint Proposed Notice to Class Members. The Parties have filed separate proposed notices, with two areas of disagreement. A hearing was held on April 10, 2008, at which time the Court heard arguments for and against the proposed language. On April 16, 2008, the Court held a second hearing and heard arguments on Defendants' Motion for Stay of Judgment. The Court will now address both matters.

## II. MOTION TO STAY[1]

---

[1] The Court will address Defendants' Motion to Stay first, as the Court's ruling on this Motion will impact the content of the Notice to Class Members.

1

Defendants request a stay of the imposition of the Court's judgment, pending the outcome of the appeal in this case. Plaintiffs' oppose the imposition of a stay, arguing that this action would unfairly prejudice the class members, and that a stay is not warranted under the applicable legal standard. The Parties also dispute the imposition of a bond, in the event that a stay is entered.

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 62 provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). The Court is to consider four factors in determining whether a stay is appropriate:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially inure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *See also Adzick v. Unum Life Insurance Co. of America*, 2003 WL 21011345, at *1 (D.Minn. April 16, 2003) (*per curium*).

### B. DISCUSSION

The first factor is whether the applicant has made a strong showing of likelihood of success on the merits. *Hilton*, 481 U.S. at 776. This factor creates an inherent conflict, as it requires the district court to find that there is a strong likelihood of success on the merits, which would mean that the district court's own decision was incorrect.[2] However, the Eastern District

---

[2]The Court notes that these factors are the same four factors used in determining whether a preliminary injunction is appropriate. *See e.g. Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). In that situation, the consideration of the likelihood of success on the merits is a much easier determination, and does not raise the inherent difficulty facing the

2

of Missouri stated that "as a result [of this conflict], trial courts have issued or stayed injunctions pending appeal where such action was necessary to preserve the status quo or where the legal questions were substantial and matters of first impression." *Sweeney v. Bond*, 519 F.Supp. 124, 132 (E.D. Mo. 1981).

The Court recognizes that the legal questions decided by this Court in its ruling on the Parties' respective summary judgment motions were not easy decisions. The Court does not assert that the Defendants' position was without merit; however, the Court does not believe that there is a substantial likelihood that the Defendants will be successful on appeal. The Court found on two separate bases that the plan amendment, which terminated class members' health insurance benefits,[3] was ineffective. If either of these bases is upheld by the Court of Appeals, then this Court's decision reinstating health insurance benefits for disabled class members would remain in effect.[4] Furthermore, the Court based its decision on clear Eighth Circuit precedent; while not all of the cases cited by this Court were directly analogous, the Court does not believe that a novel question was presented mandating a stay. For these reasons the Court finds that the first factor, likelihood of success on the merits, weighs against issuing a stay.

The Court will discuss the second and third factors in conjunction, as they address two sides of the same coin. The second factor articulated by the Supreme Court, is "whether the applicant will be irreparably injured absent a stay . . . ." *Hilton*, 481 U.S. at 776. The third factor

---

Court in the current context. However, this is the test articulated by the Supreme Court, and this Court will attempt to apply it accurately to the pending case.

[3]The Court uses this term to refer to health, dental, vision, and prescription drug benefits.

[4]The Court does recognize that there may be a small number of class members, who became disabled after the purported amendment, who would not be entitled to reinstatement of benefits if the Court of Appeals decides that the plan amendment was validly enacted, but that the health benefits were vested. For purposes of the pending motion to stay, this small group of class members is not sufficiently significant to effect the balance of interests.

is "whether issuance of the stay will substantially injure the other parties interested in the proceeding . . . ." *Id.* Defendants point to the expense that will be incurred by the reinstatement of health benefits, and assert that this cost weighs in favor of a stay. Defendants also state that the class members will be prejudiced in the absence of a stay. Plaintiffs' dispute that there would be any prejudice to the Defendants by immediately enforcing the judgment, and further argue that a stay will prejudice the class.

"In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Iowa Utilities Board v. Federal Communications Commission*, 109 F.3d 418, 425 (8th Cir. 1996). The Court recognizes that the Defendants will suffer economic harm as a result of the judgment against them, and further recognizes that this loss is unlikely to be recoverable in the event that this Court's decision is overturned. However, the Court finds that the harm to the Plaintiffs outweighs the harm to the Defendants. The Plaintiffs have had to forgo health benefits to which they are entitled for over three years. The imposition of a stay of judgment would further delay the reinstatement of these benefits. A final judgment was entered by this Court on November 19, 2007, but due to the complexities of the case, the reinstatement of the class members' benefits has yet to take place. The Parties continue to negotiate the terms of a proposed notice to class members, which will articulate the process class members are to follow in order to effectuate the reinstatement of benefits. Once the Notice to Class Members is approved by this Court, the class members will then be given sixty (60) days to make an election under the terms of the current benefit plan offered by Defendants. It is only once an election has been made by the class members that the judgment will finally be enforced. The Court recites this process in order to emphasize the substantial delay that will result if a stay is entered in this case, and further to

emphasize that the time between the final reinstatement of benefits and a decision by the Eighth Circuit on the Parties' respective appeals, is not so great as to create a heavy burden on the Defendants.[5] However, such delay will place a heavy cost on each class member that is without benefits.

Defendants raise a legitimate concern under the second and third factors of the test articulated above, i.e. the harm that may result to class members who chose to reinstate their benefits only to have them taken away after a decision on appeal; these class members may then find themselves without the availability of health coverage that was available to them before the imposition of this Court's judgment. Neither Party has provided the Court with concrete information regarding how many class members this situation might effect, if such information is available, and therefore, it is difficult to determine how many individuals will be effected by this issue. However, the members who might be effected in this regard, will be advised in the Notice to the Class, of the prudence of consulting an attorney to evaluate their individual circumstances. Overall, the prejudice to Plaintiff class members of not having valuable insurance benefits outweighs the potential for a loss of benefits in the future, and further outweighs any harm to Defendants.

The final factor to be considered is the public interest. *Hilton*, 481 U.S. at 776. Neither party has presented compelling arguments in support of this factor, which leads the Court to conclude that the public interest does not weigh heavily in favor of either party. While the Court

---

[5]The Parties' filed their respective notices of appeal on December 17 and 18, 2007, and therefore the matter has already been pending before the Eighth Circuit for four months. Even assuming that the Court of Appeals will take a year to adjudicate the matter, a decision will be made by December of 2008, which is only six months after the class members will have been required to make a decision on the reinstatement of benefits. Therefore the number of claims that Defendants will be required to pay will be minimal, compared with the cost to each class member as a result of the delay of the enforcement of the judgment until after a ruling on appeal.

5

recognizes that there is a public interest in providing medical coverage, this interest is not strongly represented by either party's position. If this factor has any weight in the current case, it would weigh against the stay, as any class members that are not currently receiving coverage, would be provided with coverage, and those who are underinsured, would receive improved medical coverage.

### C. CONCLUSION

The Court concludes that the issuance of a stay is not appropriate in the present case. The Court does not believe that Defendants are likely to succeed on appeal, nor does the Court believe that the prejudice to Defendants outweighs the prejudice to Plaintiffs. Any concern regarding Plaintiffs' future health benefits can be alleviated by making clear the risks of an adverse ruling on appeal, in the notice to the class. Therefore Defendants' Motion to stay the imposition of judgment is denied. Additionally, it is unnecessary to address the issue of a bond, because the Court will not be entering a stay.

## III. NOTICE TO CLASS

The Parties have submitted two versions of a "Notice to Class Members" which detail this Court's prior rulings, and the impact that those rulings have on the class members. While the Parties have largely come to an agreement on the content of the notice, there are two areas where the Parties disagree. The first is the addition of two paragraphs under the section of the notice titled "Information Regarding the Pending Cross-Appeals[,]" which attempt to explain the effect of a future Court of Appeals ruling. The second area of disagreement is the wording of question six on the Coverage Election Form. The Court will address each point, in turn.

The section that provides information regarding the pending appeals currently states as follows:

> Although the Court's Order gives you the right to elect the reinstatement of your coverages, it is important for you to know about the parties' pending cross-appeals because the outcome of such appeals may affect the scope of the Court's Order and whether and to what extent your right to the reinstated coverages may be eliminated or enhanced. With respect to the basis for the parties' appeals, Great-West is appealing the Court's decision to reinstate your coverages, while the class is appealing the Court's denial of reimbusement for replacement insurance costs and your ability to recover past-due benefits including overcharges for COBRA.

The Parties agree on the above quoted language. Plaintiffs suggest that a single sentence be added following the above paragraph, which would state: "If you have any questions or concerns regarding the affect of an appeal in your particular situation, please consult any attorney of your own choice." Defendants propose the following paragraphs:

> If the appeals court overturns the Court-ordered reinstatement and you have elected to reinstate your coverages under the Plan, your reinstated coverages will be terminated and you will then have to find other health, dental, vision and prescription drug coverages, if those coverages are desired and available.

> A ruling in favor of the class on their cross appeal may result in your recovery of past-due benefits, out-of-pocket costs, and/or premiums paid for other coverages. Your possible receipt of such relief is not dependant upon your electing to prospectively reinstate your coverage.

The Court agrees that some language is appropriate to inform the class members of the possibility that a ruling by the Court of Appeals could terminate the reinstated benefits ordered by this Court. This is necessary to inform class members about any risk associated with terminating current coverage in favor of reinstatement of benefits from Defendants. However, the Court also recognizes the Plaintiffs' concern that each individual class member must make an individual decision based on personal circumstances. Therefore, the Court concludes that the two paragraphs suggested by Defendants should be added, however, the two paragraphs will be reversed. The Court further concludes that the sentence suggested by Plaintiffs should be included. This will serve to inform the class members of the potential risk associated with the

7

pending appeal, as well as advising the class members that they should seek individual counsel if they have additional questions.

The second point that is disputed by the Parties is the precise wording of question six on the Coverage Election Form. Defendants propose the following wording:

> If the Plan Participant or any other covered person(s) are currently insured by other health, prescription drug, dental and vision insurance plans/policies, list all such plans/policies and the covered person(s):

Plaintiffs suggest the addition of the clause "and intend to continue coverage in those plans," resulting in the following language:

> If the Plan Participant or any other covered person(s) are currently insured by other health, prescription drug, dental, and vision insurance plans/policies, and intend to continue coverage in these plans, list all such plans/policies and the covered person(s):

Plaintiffs argue that only those plans which the class members intend to continue after reinstatement are relevant to the issue of coverage selection. Defendants argue that any plans are relevant, as such information goes to the resultant harm to the class members in the absence of a stay. As the Court has already concluded that a stay is not appropriate in the pending case, it is not necessary for the Defendants to obtain information about health benefit plans or policies which the class members do not intend to continue following reinstatement. Only those plans or policies that the class members intend to continue are relevant to coverage issues regarding the Great-West Plan. Therefore, the Court concludes that the Plaintiffs' suggested language is appropriate, and the phrase "and intend to continue coverage in these plans" shall be included in question six of the Coverage Election Form.

The Parties shall make changes to the submitted notice and Coverage Election Form, in accordance with the above order, and shall submit a final version of the notice to the class within

three (3) days of the date of this order. The Court will then approve the final version, which may then be sent to the class members.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay of Judgment Pending Appeal [doc. #306] is **DENIED**.

**IT IS FURTHER ORDERED** that the Parties' shall file, within three (3) days of the date of this order, a final joint Notice to Class Members and Coverage Election Form, in accordance with this Court's order, for this Court's final approval.

Dated this 21st Day of April, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE