UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

HEATHER HALBACH, et al.,            )
                                    )
        Plaintiffs,                 )
                                    )
    vs.                             )   Case No. 4:05CV02399 ERW
                                    )
GREAT-WEST LIFE & ANNUITY           )
INSURANCE COMPANY, et al.           )
                                    )
        Defendants.                 )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Stay Pending Appeal and for Waiver of Supersedeas Bond [doc. #323].

**I.    BACKGROUND**

Plaintiffs filed suit against Defendants alleging numerous violations of the Employee Retirement Income Security Act ("ERISA"), resulting from Defendants's decision to terminate health, dental, vision, and prescription drug benefits to individuals on long-term disability. On November 19, 2007, this Court entered Judgment [doc. #236] in favor of Plaintiffs on both Counts of Plaintiffs' Second Amended Complaint [doc. #80]. Count I was brought on behalf of a class of long-term disability benefit recipients, and alleged that Defendants illegally terminated welfare benefits to which disabled participants were entitled, in violation of ERISA. This Court ruled in favor of Plaintiffs, and ordered Defendants to reinstate the disabled class members' welfare benefits. The Court gave the Parties sixty (60) days from the date of the judgment to provide a joint memorandum containing the names of all eligible disability recipients and the benefits to which they are entitled. Count II was an individual claim by Plaintiff Heather Halbach

("Plaintiff Halbach"), seeking statutory penalties. This Court ordered Defendants to pay Plaintiff Halbach a statutory penalty in the amount of $14,650.00. Both parties appealed the Court's judgment. Upon motion by Defendants, this Court granted Defendants' request to stay the imposition of the monetary penalty pending appeal, and for waiver of the supersedeas bond requirement [doc. #267].

On December 10, 2007, Plaintiffs filed a Motion for Attorney Fees [doc. #253] and a Motion for Bill of Costs [doc. #255]. On August 21, 2008, this Court granted in part and denied in part Plaintiffs' Motion for Attorney Fees, awarding Plaintiffs an amount of $454,431.75. Additionally, this Court granted in part and denied in part Plaintiffs' Motion for Bill of Costs, awarding Plaintiffs an amount of $10,689.45 [doc. #321]. Following this Order, Defendants filed the pending Motion for Stay Pending Appeal and for Waiver of Supersedeas Bond [doc. #323].

## II.    LEGAL STANDARD

Rule 62(d) of the Federal Rules of Civil Procedure, provides that:

> [i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1 (1966)). "'The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs,

and damages for delay.'" *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (quoting *Adzick v. Unum Life Ins. Co. of Am.*, 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003)). While "[a] full supersedeas bond is the norm," a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal. *Mansion House*, 682 F. Supp. at 449 (citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986); *see also New Access*, 378 F. Supp. 2d at 1138 (quoting *Adzick*, 2003 WL 21011345, at *1).

## III. DISCUSSION

Noting that "[a] supersedeas bond essentially serves as a guarantee by the appellant that he will satisfy the judgment plus interest and costs if it is affirmed on appeal," the Eastern District of Missouri has identified three main purposes that are served by such a bond:

> first, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee but is unable to satisfy the judgment after the appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is the bond guarantees that the appellee can recover the interest that accrues on the judgment during the appeal.

*Mansion House*, 682 F. Supp. at 449 n.5 (citing *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987); *Tenn. Valley Auth. v. Atlas Mach. & Iron*, 803 F.2d 794, 799 (4th Cir. 1986); *Moore v. Townsend*, 577 F.2d 424, 426 (7th Cir. 1978)). The Court will apply these considerations in determining whether the supersedeas bond requirement should be waived in this case.

With respect to the first purpose, risk of inability to obtain refund, the purpose would be equally served by either requiring Defendants to post a supersedeas bond or by waiving the bond requirement, since neither requires Defendants to actually turn the money over to Plaintiffs. With

3

respect to the second and third purposes, ability to satisfy judgment and pay interest, this Court has already determined that Defendants have a "clear ability to pay the amount of this judgment, plus any accumulated interest." [doc. #267]. While the amount at issue was significantly less when the Court made this determination than is presently at issue, the Court is confident in the ability of the Defendant company to satisfy the amount at issue, plus interest.[1] Thus, upon considering the purposes of the supersedeas bond requirement, it is clear to the Court that Defendants have presented a strong case in favor of granting a stay, without requiring a bond.[2] *See Executive Air Taxi Corp. v. City of Bismarck, N.D.*, 2007 WL 559819, at *1 (D. N.D. 2007) (listing a number of factors to consider in deciding whether to waive the bond requirement, including "the degree of confidence that the district court has in the availability of funds to pay the judgment" and "whether the appellant's ability to pay the bond is so plain the cost of the bond would be a waste of money").

However, Plaintiffs have made several legitimate arguments suggesting that the Court should not allow a stay. First, Plaintiffs argue that Defendants only appealed Count I of Plaintiffs'

---

[1]Great-West Life & Annuity Insurance Company "is a company with over 40 billion dollars in total assets, nearly half a billion dollars in net income, and an A+ rating from A.M. Best Company, Inc." [doc. #323]. Further, this Court has already determined that "it appears clear to the Court that Defendants have the ability to pay an award of attorney's fees." [doc. #321].

[2]In their Memorandum in Opposition to Defendants' Motion to Stay, Plaintiffs argue that the bond requirement should not be waived because Defendants "do no [sic] state in any way that the [sic] will **timely remit** [the attorney's fees and costs awarded] upon the appellate court's determination, nor do they state that they will voluntarily pay as opposed to requiring Plaintiffs to engage in collection efforts and incur additional time and expense to recover." This argument is not persuasive, as a litigant who is faced with such a situation has various mechanisms at his or her disposal to obtain the money owed with little effort on the part of the litigant. Regardless, this is not an applicable consideration in determining whether to waive the supersedeas bond requirement.

two-count Complaint. Thus, they assert that Defendants' request to stay payment of attorney's fees and costs on Count II should be denied. Plaintiffs' argument, while persuasive, is problematic because the Court did not award attorney's fees and costs based on each of the two counts in Plaintiffs' Complaint; rather, the Court awarded the fees and costs in a lump sum. If necessary, the Court can reassess the award after the appeals are resolved.[3] However, because the Court is confident in Defendants' ability to pay the attorney's fees and costs award in full, there is no need to engage in such a reassessment at this time.

Plaintiffs also argue that Defendants' request for stay should be denied because "Defendants misused the previous stay entered by this Court by delaying payment without appealing the underlying issues." [doc. #324]. Specifically, Plaintiffs cite to Defendants' initial appeal of both Count I and Count II, and their later failure to pursue an appeal of Count II. Defendants respond by arguing that they did not misuse or abuse the previous stay because, as soon as they determined not to pursue an appeal on Count II, they began working with Plaintiffs to determine the exact amount they owed (including interest). It appears likely that Defendants did initially intend to appeal Count II, since they received no benefit from waiting four or five months to pay the judgment. Shortly after they filed their opening brief on April 17, 2008, Defendants promptly paid Plaintiffs the full amount of the judgment for Count II *plus interest*, for the time that had passed since the Court issued its judgment. Thus, it is clear that Defendants acted in good faith and did not misuse the previous stay issued by this Court. Further, except for

---

[3]The Court notes that, if it is required to reassess its award of attorney's fees and costs and determine what can be attributed to Count I versus Count II, the calculation will require more than merely dividing the award in half, as suggested by Plaintiffs. This lawsuit involves one class action claim and one individual claim. The class action claim and its inherent complexity clearly required greater resources and efforts than did the individual claim.

filing a short two-page Motion to Lift the Stay that was arguably unnecessary, Plaintiffs did not suffer any prejudice as a result of the actions of Defendants in delaying payment. The Court will not deny Defendants' request for a stay on the basis of their actions with respect to the prior stay issued in this case.

In their third point, Plaintiffs argue that the Court should not grant Defendants' Motion to Stay because "it is unlikely that Defendants will prevail on appeal." [doc. #324].[4] Under the Federal Rules of Civil Procedure, a party may obtain a stay *as of right* pending appeal of a monetary judgment. *See* Fed. R. Civ. P. 62(d); *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988). Appeal of injunctive relief, however, is discretionary. The Federal Rules provide that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). In interpreting this Rule, courts have set forth a series of factors to consider in determining whether to grant the stay, one of which is the likelihood that the party seeking the stay will prevail on the merits on appeal. *See Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir. 1996). While this requirement is well-established, it only applies when a party seeks a stay of injunctive relief. In this case, Defendants have asked the Court for a stay of a monetary judgment as of right, thus it is not necessary to consider the likelihood of success on the merits.

---

[4]In making this argument, Plaintiffs fail to cite to any applicable authority setting forth such a requirement. Rather, Plaintiffs merely provide what they assert is a quote from this Court's December 20, 2007 Order [doc. #267], but the "quote" does not actually appear in the cited Order.

6

**IV.    CONCLUSION**

Defendants have demonstrated that they clearly have the ability to pay the cost of the judgment plus interest and the Court is confident in their ability to do so.  Plaintiffs' arguments suggesting that the Court should not grant the stay are rejected and the Court will stay the execution of the Court's attorney's fees and costs award, pending resolution of the parties' cross-appeals.  Further, the Court will waive the supersedeas bond requirement.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay Pending Appeal and for Waiver of Supersedeas Bond [doc. #323] is **GRANTED**.

Dated this 28th Day of January, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE